

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00185-CV

———————————————

GUADALUPE CASTRO, Appellant

V.

TEXAS FARM BUREAU UNDERWRITERS, A TEXAS CORPORATION, Appellee

---

On Appeal from the 342nd District Court
Tarrant County, Texas
Trial Court No. 342-335023-22

---

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION AND JUDGMENT**

Guadalupe Castro has appealed from the trial court's "Order on Plaintiff's Motion for Class Certification." *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(3); Tex. R. Civ. P. 42. The parties have filed a "Stipulation for Dismissal Pursuant to Tex. R. App. P. 42.1," stating that they "stipulate and agree to abate the appeal and dismiss the operative complaint pending before the [trial] court with prejudice once this appeal is abated (the 'Agreement'), with each party to bear their own fees and costs." The parties request that we render judgment effectuating the Agreement, remand the case to the trial court for rendition of judgment in accordance with the Agreement, and abate the appeal and permit trial-court proceedings to effectuate the Agreement. *See* Tex. R. App. P. 42.1(a)(2)(A)–(C). It is our opinion that the parties' requests should be granted in part and denied in part.[1]

Without regard to the merits, we set aside the trial court's "Order on Plaintiff's Motion for Class Certification" and remand this case to the trial court for rendition of judgment in accordance with the parties' Agreement. *See* Tex. R. App. P. 42.1(a)(2)(B),

---

[1]The parties ask us to render judgment effectuating the Agreement *and* to remand this case to the trial court for rendition of judgment in accordance with the Agreement *and* to abate this appeal to allow trial-court proceedings to effectuate the Agreement. *See* Tex. R. App. P. 42.1(a)(2)(A)–(C). But Rule 42.1(a)(2) permits us to render judgment effectuating the parties' agreement *or* to set aside the trial court's judgment and remand the case to the trial court for rendition of judgment in accordance with the agreement *or* to abate the appeal and permit proceedings in the trial court to effectuate the agreement. *Id.* "[W]e cannot do all three or portions of all three." *Acosta v. Kay*, No. 02-11-00396-CV, 2011 WL 5247880, at *1 n.2 (Tex. App.—Fort Worth Nov. 3, 2011, no pet.) (mem. op.); *see* Tex. R. App. P. 42.1(a)(2)(A)–(C).

2

43.2(d); *Acosta*, 2011 WL 5247880, at *1 (resolving parties' joint dismissal motion under Rule 42.1(a)(2)(B) where motion requested relief under all three subsections of Rule 42.1(a)(2)); *cf. Innovative Off. Sys., Inc. v. Johnson*, 911 S.W.2d 387, 388 (Tex. 1995) (order) (granting parties' joint motion by setting aside lower courts' judgments and remanding case to trial court for entry of judgment in accordance with the parties' settlement agreement). We deny all other requested relief in the parties' dismissal stipulation and dismiss as moot the parties' pending "Joint Motion for Consideration of Sealed *In Camera* Trial Court Documents."

We order each party to pay their own appellate costs. *See* Tex. R. App. P. 42.1(d), 43.4.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: November 7, 2024